# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JOSEPH DEITRICH                                                                                    PETITIONER
*Reg #25852-509*

v.                                            2:23-cv-00086-LPR-JJV

JOHN P. YATES,                                                                                     RESPONDENT
*Warden, FCI-Forrest City*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

### I. INTRODUCTION

Joseph Deitrich ("Petitioner"), an inmate at the Bureau of Prisons' Federal Correctional Institution Forrest City, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) I recommend this case be DISMISSED without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

### II. DISCUSSION

On April 3, 2023, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) He contends that the Bureau of Prisons ("BOP") has failed to award him time credits he is owed pursuant to the First Step Act. (*Id*. at 10.) On April 5, 2023, this Court ordered Petitioner to either pay the $5.00 statutory filing fee or file an Application to Proceed *In Forma Pauperis*.[1] (Doc. No. 3.) The Order gave Petitioner thirty (30) days to comply, and cautioned him that his failure to do so might "result in dismissal of this action without prejudice pursuant to Local Rule 5.5(c)(2)."[2] (*Id*.)

Petitioner has not complied with my Order, and the time to do so has expired. Accordingly, I recommend this case be DISMISSED without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 15th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Application to Proceed *In Forma Pauperis* was mailed to Petitioner that same day. (Doc. No. 4.)

[2] Local Rule 5.5(c)(2) provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."